# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BARRY WEAVER, an individual,** on behalf of himself and all others **similarly situated**, 10021 Worman Dr. King George, VA 22485<br><br>**Plaintiff,**<br><br>v.<br><br>**SOUTHWEST AIRLINES, CO., a Texas Corporation,** 2702 Love Field Dr. Dallas, TX 75235<br><br>**Defendant.** | CIVIL ACTION NO.:<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT
## FILING FEE WAIVED PER 38 U.S.C. § 4323(h)

Plaintiff BARRY WEAVER, on behalf of himself and all others similarly situated, complains and alleges upon the investigation made by Plaintiff by and through his attorneys, as follows:

### NATURE OF ACTION

1. This civil class action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et. seq.* ("USERRA"). It is brought by Plaintiff on behalf of a nationwide Class of all persons similarly situated, including current and former employees of Southwest Airlines, Co., who were or are currently serving in the United States Armed Services or National Guard.

1

## PARTIES

2. Plaintiff Barry Weaver ("Weaver" or "Plaintiff") is a citizen of the United States and a resident of the Commonwealth of Virginia and is a Lieutenant Colonel in the District of Columbia Air National Guard. Plaintiff was originally hired by Southwest Airlines, Co., on August 14, 2018 and is based in Baltimore, Maryland as a Boeing 737 pilot.

3. Plaintiff is a qualified employee and member of the uniformed services as defined by 38 U.S.C. § 4303(3) and (16).

4. Defendant Southwest Airlines, Co. ("SWA" or "Defendant"), is a corporation organized under the laws of the State of Texas with its principal place of business in the State of Texas.

5. At all relevant times, SWA was and is an employer as defined by 38 U.S.C. § 4303(4)(A).

6. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of Defendant, such individuals at all times acted on behalf of Defendant within the scope of their respective employments and agencies.

7. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. The action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## JURISDICTION AND VENUE

8. This complaint arises under USERRA, 38 U.S.C. §§ 4301-4335. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3).

9. Venue is proper in this district because SWA maintains a place of business in this district, as provided in 38 U.S.C § 4323(c)(2) and 28 U.S.C. § 1391(b).

10. Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## GENERAL LEGAL AND FACTUAL ALLEGATIONS

A. **USERRA**

11. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

12. Section 4303 of USERRA provides that the term "service in the uniformed services" means "performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty for training, full time National Guard duty…"

13. Section 4311 of USERRA protects persons who serve or have served in the uniformed services from acts of discrimination and reprisal; for example, a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership,…performance of service,…or obligation."

14. "Benefit" is defined as:

> The term 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, *profit*, *privilege*, *gain*, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a

3

> pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, *severance pay*, supplemental unemployment benefits, *vacations*, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2) (emphasis added).

15. Section 4316 of USERRA provides that any period of absence from employment due to or necessitated by uniformed service is not considered a break in employment, so an employee absent due to military duty must be treated as though they were continuously employed.

16. Section 4311(c) further provides:

> An employer shall be considered to have engaged in actions prohibited: (1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. § 4311(c).

17. Section 4316(a) of USERRA provides:

> A person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed.

38 U.S.C. § 4316(a).

18. Under Section 4316(b)(1) of USERRA, employees on military leave are deemed to be on furlough or leave of absence and are entitled to the same rights and benefits provided to those on a "leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

19. Employees are entitled to the non-seniority rights and benefits provided to similarly situated employees, and if the non-seniority rights and benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services. 20 C.F.R. § 1002.150.

20. Section 4312 of USERRA provides:
[A]ny person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter…

21. USERRA applies to persons absent due to military obligations for periods up to five years, and potentially longer with certain exceptions. 38 U.S.C. § 4312(c).

22. USERRA expressly supersedes any state or local law, agreement, and/or employer policy. 38 U.S.C. § 4302(b); 20 C.F.R. § 1002.7(b).

23. Employees do not have to submit documentation of military service until a request for re-employment is made by the employee and only if requested by the employer. 20 C.F.R. § 1002.121.

B. **FACTUAL ALLEGATIONS**

24. Plaintiff re-alleges and incorporates by reference every allegation contained within paragraphs 1 through 23, inclusive, as though set forth at length herein and made a part hereof.

25. During his employment with SWA, Plaintiff and the Class have taken numerous periods of short term and long term military leave.

26. In an effort to save costs, in or about March 2020, and again in May 2020, SWA actively encouraged employees to take the maximum military leave

possible over the 2020 to early 2021 time periods.

27. SWA informed employees that military leave from March 1, 2020 through at least August 2021, will not be included as part of the employee's five year cumulative USERRA exempt duty calculation.

28. On or about June 1, 2020, SWA announced a policy called the COVID-19 Extended Emergency Time Off Program ("ExTO"), the terms of which are separate from and not included in any collective bargaining agreement ("CBA").

29. The ExTO is a leave of absence with no employment commitments, in which the employee receives a reduced amount of pay and full benefits, such as sick time accrual, vacation accrual, employee pass travel, jumpseat privileges, medical coverages, profit sharing, perfect attendance awards, and all other active employee benefits.

30. Employees were able to volunteer to participate in the ExTO program for a period of six months, one year, two years, three years, four years or five years.

31. Per the terms of the ExTO program, active employees were eligible so long as they were not absent due to a leave of absence, and all active pilots who have a valid medical clearance and who were not on a leave of absence were eligible to request the ExTO program.

32. For the duration of the ExTO, regardless of the duration option awarded, the employees would receive approximately fifty percent (50%) of base pay, or for pilots, approximately 55 pay credits or hours, for each month of ExTO.

33. Although pay and benefit accrual rates may be contained in CBAs the terms of these CBAs are not in dispute and the rates are not in dispute, so no interpretation of any CBA is required.

34. Employees were required to enroll in the ExTO program between June 1, 2020 and July 15, 2020.

35. On or about June 30, 2020, SWA delivered a Memorandum addressed

to its military pilots, explaining that pilots currently on military leave would be allowed to bid for ExTO by July, 15, 2020, but the ExTO leave, and the benefits provided under the ExTO program would not begin until their return from military service.

36. Following the return from military leave, the ExTO, and the benefits provided under the ExTO, would commence and be provided for the remainder of the originally awarded ExTO period.

37. SWA intended to post all the ExTO awards on or around July 21, 2020.

38. The start date for all the ExTO leaves was estimated to be on or about September 1, 2020, with the first ExTO paychecks estimated to be delivered on or about September 20, 2020.

39. After the start of an ExTO, SWA issued ExTO guidance that notification of military service was requested, but not required, this allows employees to be on military leave and still obtain the pay and benefits provided under the ExTO program for the duration of the employees' ExTO.

40. Plaintiff was on a long-term military leave of absence from July 16, 2019, through July 31, 2021. Following the request of the company in March and again in May 2020, Plaintiff was able to have an additional military order issued to allow for a return to work with SWA at a later date.

41. Plaintiff applied for the ExTO program during the enrollment window and was awarded a five-year ExTO.

42. Because Plaintiff was on military leave during the ExTO bidding process, he was and is being denied the pay and benefits under the ExTO program.

43. Because Plaintiff was on military leave, he did not receive the pay and benefits under the ExTO program for the month of September 2020 and will not receive the pay and benefits until his return from military leave.

## CLASS ACTION ALLEGATIONS

44. Pursuant to Rule 23(a), 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all others similarly situated ("the Class") as follows:

> <u>The Class</u>: all employees who are or were employed by SWA, were or are members of the United States Armed Services or National Guard, who took military leave from March 1, 2020, to the date that the Class is certified, and who did not receive the pay and benefits as provided for under the COVID-19 Extended Emergency Time Off Program.[Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

45. **Ascertainable Class:** The Class is ascertainable in that each member of the class can be identified using the information contained in SWA's records.

46. The members of the Class are sufficiently numerous that joinder of all members is impracticable. The exact size of the Class is ascertainable through SWA's records, including but not limited to SWA's employment records.

47. **Common Questions of Law or Fact Predominate:** There are questions of law and fact common to the Class, and these questions predominate over individual questions. Such questions include, without limitation:

    (a) whether SWA's failure to allow employees on military leave to participate in the ExTO program violates USERRA;

    (b) whether SWA's failure to allow employees on military leave to accrue the same pay and benefits as those provided to employees participating in the ExTO program violates USERRA;

    (c) whether SWA's acts and practices have violated USERRA by discriminating against SWA employees who are members of the Armed Forces and have taken military leave;

(e) whether Plaintiff and the Class are entitled to compensatory and/or liquidated damages; and

(f) whether injunctive and other equitable remedies for the Class is warranted.

48. **Numerosity:** Plaintiff believes and alleges that SWA employs more than 61,000 employees with over 9,300 pilots, and that approximately 4,000 pilots are or were members of the United States Armed Services or National Guard. Plaintiff further believes that approximately 4,242 employees were awarded the ExTO program and estimates that over 100 employees were prevented from participating in the ExTO program due to military leave.

49. **Typicality:** Plaintiff's and the Class' claims arise from and were caused by SWA's wrongful conduct. Plaintiff, like all other Class members, suffered damage as a result of SWA's violations of USERRA.

50. **Adequacy:** The named Plaintiff will fairly and adequately represent and protect the interests of the Class and have no conflict of interest with the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of all other Class members. Plaintiff retained adequate counsel who have substantial experience and success in the prosecution of class actions and complex business litigation matters, including USERRA litigation.

51. **Superiority:** The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device particularly efficient and an appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

    a. The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

b. If each Class member was required to file an individual lawsuit, Defendant SWA would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class member with vastly superior financial and legal resources;

c. The costs of individual suits could unreasonably consume the amounts that would be recovered;

d. Proof of a common facts which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of actions alleged; and

e. Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

52. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

53. Class certification is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because SWA acted on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief to Plaintiff and Class as a whole. The Class members are entitled to injunctive relief to end SWA's practices that have caused military-affiliated employees to be excluded from the pay and benefits under the ExTO program and have caused military-affiliated employees to be treated differently than employees without military affiliations.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF 38 U.S.C. § 4301, *ET SEQ*.

54. Plaintiff hereby alleges and incorporates paragraphs 1-55 above by reference herein.

55. Employees on military leave are entitled to the same non-seniority-based benefits provided to other employees on similarly-situated, non-military related leaves of absence. 38 U.S.C. § 4316(b)(1)(B).

56. One of the benefits of employment available to the Plaintiff and all SWA employees is the ability to participate in the ExTO program, and accrue the pay and benefits provided under the ExTO program.

57. Plaintiff and the Class have been prevented from accruing the pay and benefits provided under the ExTO program until they returned from military leave, because they were still absent or considered by SWA to be absent due to military leave on or about September 1, 2020 and later.

58. Non-military SWA employees were able to participate in the ExTO program and accrue the pay and benefits provided under the ExTO program for their entire leave period, commencing on or about September 1, 2020.

59. SWA repeatedly and intentionally failed to allow employees who are on military leave to participate in the ExTO program until they returned from military leave, even though prior to the program's release, SWA actively encouraged employees to maximize their military leave, thereby denying members of the Class a benefit of employment.

60. SWA's failure to allow its employees to participate in the ExTO program until their military leave terminated, and thereby receive the pay and benefits under the ExTO program, while allowing other non-military employees to participate in the ExTO program, violates USERRA.

61. SWA's failure to allow its employees to accrue the pay and benefits provided under the ExTO program, while allowing other non-military employees to earn the pay and benefits while on other similar, non-military leave (such as ExTO), violates USERRA.

62. Plaintiff's protected status as members of the uniformed services was a motivating factor in SWA's denial of Plaintiff's benefits employment.

63. As a direct and proximate result of the conduct of SWA, as set forth in this count, Plaintiff and the Class have suffered damages including but not limited to loss of past and future benefits, in an amount to be proven at trial.

64. Plaintiff alleges such violations of USERRA were willful and request liquidated damages to the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Plaintiff, as an individual and on behalf of the Class, request that the Court enter an Order as follows:

1. Determining that this action may proceed and be maintained as a class action, designating Plaintiff as Lead Plaintiff, and certifying Plaintiff as the Class representative under Rule 23 of the Federal Rules of Civil Procedure and his counsel of record as Class Counsel;

2. Declaring that the acts and practices complained of herein are unlawful and are in violation of USERRA;

3. Requiring that SWA fully comply with the provisions of USERRA by providing Plaintiff and Class Members all employment benefits denied them as a result of SWA's unlawful acts and practices described herein;

4. Enjoining SWA from taking any action against Plaintiff and members of the Class that fail to comply with the provisions of USERRA;

5. Awarding fees and expenses, including attorneys' fees pursuant to 38 U.S.C. § 4323(h);

6. Awarding Plaintiff and the Class prejudgment interest on the amount of lost wages or employment benefits due;

7. Ordering that SWA pay liquidated damages in an amount equal to the amount of lost wages, lost compensation and other lost benefits due to SWA's willful violations of USERRA;

8. Granting an award for costs of suit incurred;

10. Granting such other and further relief as may be just and proper and which Plaintiff and the Class may be entitled to under all applicable laws.

Dated: July 28, 2021

Goodley McCarthy LLC

By: /s/ *James E. Goodley*
JAMES E. GOODLEY
Goodley McCarthy LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
james@gmlaborlaw.com
Tel: 215.394.0541
*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Dated: July 28, 2021

Goodley McCarthy LLC

By: /s/ *James E. Goodley*
JAMES E. GOODLEY
*Attorney for Plaintiff*