3IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARRY WEAVER *et al.*,                              *

     PLAINTIFFS,                              *

       v.                                        *            Civil Action No. RDB-21-1891

SOUTHWEST AIRLINES, CO,                       *

                                    *

     DEFENDANT.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Barry Weaver ("Weaver" or "Plaintiff"), a Lieutenant Colonel in the Air National Guard, brings this putative class action against Defendant Southwest Airlines, Co. ("Southwest" or "Defendant") alleging violations of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.* ("USERRA"). Specifically, Weaver alleges that Southwest violated USERRA through the establishment and implementation of its COVID-19 Extended Emergency Time Off program ("ExTO"), which he contends resulted in his being denied certain pay and benefits. Currently pending before this Court is Southwest's Motion to Dismiss. (ECF No. 10.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Southwest's Motion to Dismiss (ECF No. 10) is GRANTED. Specifically, Weaver's claims under § 4316(b)(1)(B) are DISMISSED WITH PREJUDICE. Weaver's claims under § 4311(a) are DISMISSED WITHOUT PREJUDICE

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Barry Weaver is a Virginia resident and a Lieutenant Colonel in the District of Columbia Air National Guard. (Compl., ECF No. 1 ¶ 2.) He was hired by Southwest Airlines on August 14, 2018 and is based in Baltimore, Maryland as a Boeing 737 pilot. (*Id.*) Defendant Southwest Airlines Co. is a Texas corporation with its principal place of business in Texas. (*Id.* ¶ 4.) On July 16, 2019, Weaver began a long-term military leave of absence which was scheduled to run through July 31, 2021. (*Id.* ¶ 40.)

In an effort to save costs in response to the global COVID-19 pandemic, Southwest encouraged employees in March and May 2020 to take the maximum military leave possible over the course of that year and into early 2021. (*Id.* ¶ 26.) Southwest informed employees that military leave from March 1, 2020 through at least August 2021 would not be included as part of an employee's five-year cumulative USERRA exempt duty calculation.[1] (*Id.* ¶ 27.) On or about June 1, 2020, Southwest announced a policy called the COVID-19 Extended Emergency Time Off Program ("ExTO" or the "Program"). (*Id.* ¶ 28.) Under the Program,

---

[1] Pursuant to 38 U.S.C. § 4312(a), "any person whose absence from a position of employment is necessitated by reason of services in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter if . . . (2) the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years . . . ." *See also Sutton v. City of Chesapeake*, 713 F. Supp. 2d 547, 553 (E.D. Va. 2010) (explaining that it is a requirement to receive benefits under USERRA "that the employee serve less than five years of cumulative, active military service").

employees are eligible to take a leave of absence with no employment commitments during which they receive a reduced amount of pay and full benefits, such as medical coverage and vacation accrual. (*Id.* ¶ 29.) Employees were permitted to volunteer to participate in the ExTO program for a period of six months, one year, two years, three years, or five years. (*Id.* ¶ 30.) Under the terms of the Program, active employees were eligible to participate so long as they were not on a leave of absence. (*Id.* ¶ 31.) While covered under the Program, employees would receive approximately 50% of their base pay, or for pilots, approximately 55 pay credits or hours for each month of Program participation. (*Id.* ¶ 32.)

On or about June 30, 2020, Southwest issued a Memorandum addressed to its military pilots explaining that while pilots currently on military leave would be permitted to bid for ExTO by July 15, 2020, their ExTO leave and benefits would not begin until their return from military service. (*Id.* ¶ 35.) Following return from military leave, the Program benefits would commence and be provided for the remainder of the originally awarded ExTO period. (*Id.* ¶ 36.)

As noted above, at the time the COVID-19 pandemic began, Weaver was on a long-term military leave of absence that had been scheduled to last through July 31, 2021. (*Id.* ¶ 40.) Following Soutwest's requests in March and May 2020 that military employees take the maximum possible military leave, Weaver was able to extend his military duty to allow for a later return to Southwest. (*Id.*) Weaver applied for the ExTO Program during the enrollment window and was awarded a five-year ExTO term. (*Id.* ¶ 41.) Because Weaver was on military leave during the ExTO bidding process, he alleges that he was denied Program pay and benefits. (*Id.* ¶ 42.) On July 28, 2021, Weaver filed suit in this Court.

3

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Plaintiff brings claims against Southwest pursuant to two provisions of USERRA: sections 4316(b)(1)(B) and 4311(a). Southwest argues that Plaintiff has failed to state a plausible claim for relief under either provision. Judge Hazel of this Court has recently explained the purposes and framework of USERRA:

> Congress enacted USERRA to (1) encourage non-career military service by eliminating or minimizing disadvantages to civilian careers; (2) minimize disruption to service member's lives and their employers by providing for prompt reemployment; and (3) prohibit discrimination against members of the armed forces. 38 U.S.C. § 4301(a). "Because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries." *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 312-13 (4th Cir. 2001).

> "Four sections of USERRA outline its framework: 4311, 4312, 4313, and 4316." *Butts v. Prince William Cty. Sch. Bd.*, 844 F.3d 424, 430 (4th Cir. 2016). Section 4311 prohibits discrimination on the basis of military service, sections 4312 and 4313 entitle veterans to reemployment after military service and prescribe the positions to which they may return, and section 4316 prohibits discharge of reemployed veterans without cause within a set period of time. *See id.* (citing *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 303 (4th Cir. 2006); *Petty v. Metro. Gov't of Nashville & Davidson Cty.*, 687 F.3d 710, 716 (6th Cir. 2012)).

*Melada v. Giant of Md., LLC*, No. GJH-20-1509, 2021 U.S. Dist. LEXIS 133977, at *18-19 (D. Md. July 19, 2021).

## I.   Section 4316(b)(1)(B) Claims

Plaintiff's claims under section 4316(b)(1)(B) fail because Plaintiff has not pled that the Program treats military leave less favorably than any other form of leave. 38 U.S.C. § 4316(b)(1) provides that

> "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer

5

of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

As the United States Court of Appeals for the Third Circuit has recently stated, § 4316(b)(1) "adopts a simple formula: employees who take military leave from their jobs must receive the same 'rights and benefits' provided to employees absent for other reasons." *Travers v. Fed. Express Corp.*, 8 F.4th 198, 202 (3d Cir. 2021). Courts have held that § 4316(b)(1) assures "equal, but not preferential treatment" for service members. *Tully v. DOJ*, 481 F.3d 1367, 1370 (Fed. Cir. 2007); *see also Rogers v. City of San Antonio*, 392 F.3d 758, 769-70 (5th Cir. 2004) ("Congress sought by § 4316(b)(1) to guarantee a measure of equality of treatment with respect to military and non-military leaves and to strike an appropriate balance between benefits to employee-service persons and costs to employers. USERRA does not authorize the courts to add to or detract from that guarantee or to restrike that balance.").

In this case, Plaintiff has alleged that employees were eligible for the Program "so long as they were not absent due to a leave of absence." (ECF No. 1 ¶ 31.) Thus, both employees who were "absent from a position of employment by reason of service in the uniformed forces" and employees "having similar seniority, status, and pay who [were] on . . . leave[s] of absence" were treated the same for the purposes of the Program in that they were not eligible to receive the benefits of the Program during their period of leave. 38 U.S.C. 4316(b)(1). Because he has not alleged that employees on military leave were excluded from the Program while employees on other types of leave were included in it, Plaintiff has

failed to plead an essential element of a claim under § 4316(b)(1)(B).[2] Defendant's Motion to

Dismiss is GRANTED as to the claims under § 4316(b)(1)(B) of USERRA, and those claims

are DISMISSED WITH PREJUDICE.[3]

## II.    Section 4311(a) Claims

Plaintiff has also failed to state a plausible claim for relief under section 4311(a). As

Judge Hazel has noted,

> Section 4311(a) prohibits the denial of any benefit of employment on the basis
> of an individual's military service. USERRA defines "benefit of employment"
> in relevant part as "any advantage, profit, [or] privilege . . . that accrues by reason
> of an employment contract or agreement . . . [including] . . . the opportunity to
> select work hours or location of employment." 38 U.S.C. § 4303(2). To state a
> claim, plaintiffs must show that their military status was a "motivating factor"
> in the decision, even if it was not the sole factor. *See* 38 U.S.C. § 4311(c)(1); *Hill*,
> 252 F.3d at 312. The burden then shifts to the employer to show that the action
> would have been taken even in the absence of the employee's military status.
> *See* 38 U.S.C. § 4311(c)(1); *Hill*, 252 F.3d at 312.

---

[2] To the extent Plaintiff argues that Southwest violated § 4316(b)(1) because employees on military leave, who went unpaid, were denied the pay and benefits that employees on ExTO received, Plaintiff's claim nevertheless fails. The Department of Labor's implementing regulations explain that an employee on military leave "must be given the most favorable treatment accorded to any comparable form of leave." 20 C.F.R. § 1002.150(b). To determine whether two forms of leave are comparable, the regulation points to factors such as the duration of the leave, the purpose of the leave, and the ability of the employee to choose when to take the leave. *Id.*; *see also Tully v. DOJ*, 481 F.3d 1367, 1370-71 (Fed. Cir. 2007) (noting that the "character" and "circumstances" of the types of leave are to be considered). In this case, military leave and ExTO leave are not comparable because military leave is a protected form of leave that Southwest is required by law to provide, and ExTO leave is a program created in response to the economic crisis caused by the COVID-19 pandemic.

[3] The determination of whether dismissal should be with prejudice is within the discretion of the district court. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013). "[D]ismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Erbe v. Campbell*, Civil Action No. GLR-20-3266, 2021 U.S. Dist. LEXIS 89821, at *15 (D. Md. May 11, 2021) (citing *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)). Here, dismissal of Plaintiff's § 4316(b)(1)(B) claims with prejudice is appropriate because Plaintiff's acknowledgement that "[p]er the terms of the ExTO program, active employees were eligible so long as they were not absent due to a leave of absence" demonstrates clearly that the Program was available only to those who were not on any form of leave of absence, whether military-related or not.

*Melada v. Giant of Md., LLC*, No. GJH-20-1509, 2021 U.S. Dist. LEXIS 133977, at *19-20 (D. Md. July 19, 2021). To succeed on a claim under § 4311(a), a servicemember must show "(1) that his employer took an adverse employment action against him; (2) that he had performed, applied to perform, or had an obligation to perform as a member in a uniformed service; and (3) that the employer's adverse action was taken on the basis of that service, such that the service was a motivating factor in the action." *Kitlinski v. United States DOJ*, 994 F.3d 224, 229 (4th Cir. 2021) (citations omitted). "The employer can avoid liability under this provision if it can demonstrate that it would have taken the adverse employment action regardless of whether the person had served in the uniformed services." *Harwood v. Am. Airlines, Inc.*, 963 F.3d 408, 415 (4th Cir. 2020). Notably, courts have held that § 4311(a) does not apply to claims predicated on allegations that employees on military leave were denied a benefit afforded to employees taking comparable non-military leave. *Rogers v. City of San Antonio*, 392 F.3d 758, 768 (5th Cir. 2004) ("While new § 4316(b)(1)'s legislative history clearly reflects the intent to specifically guarantee reservists equality of on-leave benefits, the history of § 4311(a) shows an intent to continue and strengthen the anti-discrimination provision but not the specific goal of guaranteeing parity of benefits.").

In this case, Plaintiff claims that Southwest discriminated against him when it prohibited employees on military leave from receiving ExTO Program benefits until their military leave had concluded after having first encouraged employees to take extended military leave. Plaintiff alleges that in March and May 2020, Southwest actively encouraged its employees to take the maximum amount of military leave. (ECF No. 1 ¶ 26.) Plaintiff also alleges that Southwest informed employees that any military leave taken from March 1, 2020

through August 2021 would not be included as part of an employee's five-year cumulative USERRA exempt duty calculation. (*Id.* ¶ 27.) Plaintiff next asserts that during the enrollment period for the ExTO Program, Southwest delivered a Memorandum addressed to its military pilots explaining that pilots on military leave were permitted to bid for ExTO but would not receive benefits until their return from military service. (*Id.* ¶ 36.)

As an initial matter, Plaintiff has failed to set forth allegations sufficient to show that Southwest took an adverse employment action against him. The Fourth Circuit "has set forth clearly what constitutes an adverse employment action. An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). Plaintiff alleges that at the time Southwest began encouraging employees to take extended military leave in March and May 2020, he had already been away from Southwest on a pre-planned military leave since July 16, 2019. (ECF No. 1 ¶ 40.) That leave was scheduled to last through July 31, 2021. (*Id.*) Plaintiff alleges that "following the request of the company in March and again in May 2020, [he] was able to have an additional military order issued to allow for a return to work with Southwest at a later date." (*Id.*) Plaintiff does not allege, however, the original duration of his military leave nor does he alleges how or when he had that leave extended. Plaintiff further alleges that he applied for the ExTO program during the enrollment window but, in accordance with the terms of the Program, did not receive ExTO pay and benefits until his return from military leave. (*Id.* ¶¶ 41-43.) In sum, Plaintiff alleges merely that Southwest subjected him to the requirements for participation in the ExTO program. He does not, for example, allege "any decrease in

compensation, job title, level of responsibility, or opportunity for promotion," nor does he allege that his employment was terminated. *James*, 368 F.3d at 376. Accordingly, Plaintiff's § 4311(a) claims fail.

Even assuming Plaintiff had properly pled an adverse employment action, he has not sufficiently alleged that his military service was a motivating factor for that action. Courts consider a variety of factors in determining whether an employer had a discriminatory motivation, including "proximity in time between the employee's military activity and the adverse employment action" and "inconsistencies between the proffered reason and other actions of the employer." *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001). In this case, Plaintiff appears to contend that in March and May 2020, Southwest specifically encouraged employees like himself to take extended military leave for the purpose of later excluding them from the ExTO program, which it announced in June 2020. (Pl.'s Opp., ECF No. 18 at 9-10.) As noted above, Plaintiff, however, had been on pre-planned military leave since July 2019. Plaintiff offers only speculative allegations to support his contention that military service was a motivating factor driving Southwest to engage in some discriminatory action against him. *See, e.g., Just Puppies, Inc. v. Frosh*, Civil Action No. ELH-21-1281, 2021 U.S. Dist. LEXIS 177475, at *54 (D. Md. Sep. 17, 2021) (Rule 12(b)(6) "demands more than bald accusations or mere speculation."). Accordingly, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's claims under 38 U.S.C. § 4311(a), and those claims are DISMISSED WITHOUT PREJUDICE.[4]

---

[4] Plaintiff has requested leave to amend his Complaint should this Court grant Southwest's motion. (ECF No. 18 at 11.) Southwest opposes the request. (ECF No. 19 at 1.) Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend a pleading "when justice so requires." The United States

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 10) is

GRANTED. Specifically, Weaver's claims under § 4316(b)(1)(B) are DISMISSED WITH

PREJUDICE. Weaver's claims under § 4311(a) are DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Dated: April 1, 2022


_____/s/_____
Richard D. Bennett
United States District Judge

---

Court of Appeals for the Fourth Circuit has "interpreted [Rule] 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). In this case, those factors are not present. Accordingly, Plaintiff will be granted leave to file an Amended Complaint to address his claims under § 4311(a) only.